Article B of the United States District
Court Documents are attached as well
as article three (3) and article four (4)

Attachment of Article III statement of claim
and Article IV

CLAIM 1

CITY of LYNCHBURG VA.

On or about November 5, 2016 the city of Lynchburg handed down an indictment against Mr. Calloway which was clearly known to be unlawful as well as violated a Supreme Court Ruling and violated Mr. Calloway's Right's he has under the UNITED STATES CONSTITUTION that guarantees him justice and protection against this type of court action. If not for this injustice by the CITY of LYNCHBURG'S COURT SYSTEM there is a "reasonable possibility "Mr. Calloway's incarceration would have been terminated.

# CLAIM 1 of 1

# CITY OF LYNCHBURG VA.

# &

# LYNCHBURG CIRCUIT COURT

On August 30, 2017 a Suppression Hearing was held in the Lynchburg Circuit Court due to Officer Knabb of the Lynchburg Police Department conducting a " Warrantless search " " Incident To Arrest " of Mr. Calloway's vehicle on May 10, 2016. During the Suppression Hearing the court put the outcome of its decision to suppress the motion under a five day review. On September 27, 2017 the motion was denied. The courts clearly knew that a search conducted under "Incident to Arrest "is "LIMITED "to situations under a "Supreme Court Ruling. Transcripts and documents clearly show the court acknowledged these "LIMITATIONS "made by the" Supreme Court "were clearly not meet by the officer at the time he conducted the "Warrantless Search "under "Incident To Arrest "of Mr. Calloway's vehicle which would clearly make the "Warrantless Search "Incident To Arrest "an "Illegal Search "by the officer and violated Mr. Calloway's Rights he has under the "United States Constitution "as well as a "Supreme Court Ruling "that recognize this type of police action is "PROHIBITED".

If not for this completely clear knowledgeable reckless error by the Lynchburg Circuit Court there is a "Reasonable Possibility "Mr. Calloway's incarceration would have been terminated and his "Freedom "restored at that time.

## CLAIM 1

### AMHERST COUNTY SHERIFF'S DEPARTMENT

On May 16, 2016 the Amherst County Sheriff's Department confiscated $ 14,000 dollars in U.S. currency from Mr. Calloway due to the unlawful charges brought against Mr. Calloway on May 10, 2016.

Mr. Calloway was not charged with a criminal offence at the time of the confiscation and did attempt to have the currency returned but was refused. Because of the illegalness and unlawfulness on May 10, 2016 Mr. Calloway's U.S. Currency should be returned.

CLAIM 1

CITY OF LYNCHBURG, VA

&

THE LYNCHBURG POLICE DEPARTMENT

&

OFFICER KNAbb

On May 10, 2016 Officer Knabb who is employed by the City Of Lynchburg and the Lynchburg Police Department conducted a "Warrantless Search "under "Incident to Arrest "of Mr. Calloway's vehicle. " "Incident to Arrest "has "LIMITED CONDITIONS "made by a "Supreme Court Ruling "that "PROHIBITS "the violation of these "LIMITED CONDITIONS. "Officer Knabb of the Lynchburg Police Department clearly acknowledged these "LIMITED CONDITIONS "but recklessly disregarded them and continued a search that he clearly knew to be unlawful, Illegal and violated Mr. Calloway's Rights he has under the "United States Constitution "as well as a "Supreme Court Ruling "that he clearly knew "PROHIBITS "this type of police conduct.

If not for this knowledgeable unlawful, Illegal and reckless police action by Officer Knabb Mr.Calloway would not have lost his "FREEDOM "and been incarcerated.

# Article 4 of The United States District Court

Mr. Calloway ask the court to order the charges of May 10, 2016 dismissed against him as well as punitive damages for the full amount under the law as well as any other damages the law allow for this type of dishonor due to the unlawfulness and suffering he endured by the defendants bigotry manipulation, coercive action, and illegalness they clearly knowledgably and willingly put Mr. Calloway through.

The defendant's also had clear and complete knowledge of a Supreme Court Ruling that PROHIBITS the type of police action that was enforced on Mr. Calloway on May 10, 2016 as well as complete knowledge that Mr. Calloway's Right's he has under the United States Constitution that protects him from this type of action had also been violated but was clearly refuse justice by these defendants that the United States Constitution Guarantees him.

CLAIM 1

INNAFECTIVE ASSISTANCE OF COUNSEL

HERBERT TAYLOR

On May 17, 2016 Mr. Taylor was appointed by the City of Lynchburg and the Lynchburg Court to represent Mr. Calloway on charges brought against him on May 10, 2016. On September 27, 2016 the commonwealth presented its files to Mr. Taylor that he acknowledged contained documents with evidence that the "Warrantless Search "conducted under "Incident To Arrest "of Mr. Calloway's vehicle on May 10, 2016 by Officer Knabb was clearly an unlawful and Illegal search by Officer Knabb. Mr. Taylor had full knowledge of arrest documents that show Mr. Calloway was not arrested on May 10, 2016 for the charges of May 10, 2016 until May 16, 2016 which clearly makes the "Warrantless Search" "Incident To Arrest "an unlawful and Illegal search made by Officer Knabb. Mr. Taylor also clearly knew that the "Supreme Court" "PROHIBITS" a "Warrantless Search " "Incident To Arrest" without the subject being lawfully arrested.

Also on October 24, 2016 during a Preliminary Hearing Mr. Taylor clearly established through Officer Knabb's own testimony that he did not arrest Mr. Calloway on May 10, 2016 which Mr. Taylor should have clearly known due to his professional status to object and moved to strike this unlawful and illegal search that he clearly knew violated Mr., Calloway's Rights he has under the United States Constitution as well as a "Supreme Court Ruling" that "PROHIBITS" this type of police action under a "Warrantless Search" conducted under "Incident To Arrest." Instead Mr. Taylor with this knowledge withdrew and refused to object and move to strike this clear knowledgeable unlawful and Illegal search made by the officer.

If not for Mr. Taylor's reckless Constitutional Deficient Representation there is a "Reasonable Possibility" Mr. Calloway's incarceration would have been terminated and his liberty and freedom restored at that time.

## CLAIM 2

## INEFFECTIVE ASSISTANCE OF COUNSEL

## HERBERT TAYLOR

On May 17, 2016 Mr. Taylor was appointed by the City of Lynchburg and the Lynchburg Court to represent Mr. Calloway 0n alleged criminal charges brought against him on May 10, 2016.

On September 27, 2016 the commonwealth of Virginia released documents to Mr. Taylor that he clearly acknowledged due to his professional status that the "Investigative Stop " of Mr. Calloway described in the documents by the officer clearly show the stop of Mr. Calloway was unlawful and Illegal as well as violated Mr. Calloway's Constitutional Right he has under the Fourth Amendment that protects him from this kind of Ambiguous police misconduct and violated a "Supreme Court Ruling" that "PROHIBITS "this type of police action.

By Mr. Taylor being an experienced attorney he clearly knew he should have objected to this unlawful and illegal targeting, and ambiguous pursuit of Mr. Calloway and asked the court to strike evidence due to these Illegal grounds but Instead he completely withdrew and refused to pursue this knowledgeable unlawful police misconduct that he knew occurred.

If not for Mr. Taylors reckless and Constitutional Deficient Representation there is a "Reasonable Possibility" Mr. Calloway's Incarceration would have been terminated at that time and his liberty and freedom restored.

CLAIM 3

INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Herbert Taylor

On October 24, 2016 a preliminary hearing was held in the Lynchburg District Court to determine if probable cause existed to certify charges brought against Mr. Calloway on May 10, 2016. One of those charges was scheduled to be herd that day which concerned an alleged open container that was stated by the officer he used to seize Mr. Calloway. During questioning by Mr. Taylor it was clearly astablished that the officer "did not collect" the alleged open container which clearly puts the officers allegation of " probable cause" in dispute due to the alleged container not existing.

By Mr. Taylor being an experienced attorney he clearly knew to object and move to strike this allegation of evidence on the grounds that "probable cause" to seize Mr. Calloway did not exist. Instead Mr. Taylor withdrew and stated "The commonwealth has indicated that the misdemeanors to the side would be certified. I don't have any objection to that as long as I get paid."

If not for Mr. Taylors reckless and Constitutional Deficient Representation there is a " Reasonable Possibility" Mr. Calloway's incarceration would have been terminated at that time and Mr. Calloway's Liberty and Freedom would have been restored.

Claim 1

P. Scott DeBruin

On or about Febuary 5, 2017 Mr. DeBruin was appointed to represent Mr. Calloway on charges that stemmed from May 10, 2016.Mr.DeBruin had clear and complete knowledge of documents from the commonwealth's files dated September 27, 2016 as well as transcripts from the preliminary hearing in this case dated October 24, 2016 which contained clear evidence that the search of Mr. Calloway's vehicle was unlawful and illegal as well as the pursuit by the officer. Mr. DeBruin also had clear complete knowledge that the illegal search and the unlawful pursuit by the officer violated a Supreme Court Ruling that PROHIBITS these kinds of actions as well as violated Mr. Calloway's Rights he has under the UNITED STATES CONSTITUTION that guarantees him protection under this type of police conduct.

On August 30, 2017 Mr, DeBruin failed as well as refused to present this crucial evidence to the court during a suppression hearing. If this knowledgeable evidence would have been presented there is a reasonable possibility Mr. Calloway's incarceration would have been terminated and his LIBERTY and FREEDOM RESTORED.